**Zana SMAJLAJ and Rroland
Lushaj, Petitioners,**

v.

**IMMIGRATION and
NATURALIZATION SERVICE,
Respondent.**

No. 05–6712–ag.

United States Court of Appeals,
Second Circuit.

Jan. 17, 2007.

Sam Gjoni, New York, NY, for Petitioners.

Susan Handler–Menahem, Assistant United States Attorney (Christopher J. Christie, United States Attorney for the District of New Jersey, on the brief), Newark, NJ, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. WALKER, and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Zana Smajlaj and her husband Rroland Lushaj seek review of a November 21, 2005 decision by the BIA, dismissing their appeal from Immigration Judge ("IJ") Sandy K. Hom's denial of their claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Smajlaj*, Nos. A95 383 951, A72 020 038 (B.I.A. Nov. 21, 2005), *aff'g in part* Nos. A95 383 951, A72 020 038 (Immig. Ct. N.Y. City May 17, 2004). The BIA rejected the IJ's adverse credibility finding as clearly erroneous, and concluded that Smajlaj's arrest, beating, and rape

because of her political opinion rose to the level of persecution. The BIA nevertheless affirmed the denial of relief based on the IJ's alternative finding that fundamental changes in Petitioners' home country of Albania rebutted any presumption of a well-founded fear of future persecution. We assume the parties' familiarity with the facts, procedural context, and issues on appeal.

In their brief, Petitioners focus exclusively on the BIA's denial of their asylum claim. Because Petitioners have not sufficiently argued the withholding of removal and CAT claims, any challenge to the BIA's resolution of these issues is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (internal quotation marks omitted)). We therefore address only the asylum claim on the merits.

When the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA decision, minus those arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401, 406 (2d Cir.

---

1. Although Petitioners are challenging the denial of relief in "asylum only proceedings" as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8

U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 135 (2d Cir.2006).

2005); *Tian–Yong Chen v. U.S. INS,* 359 F.3d 121, 128–29 (2d Cir.2004). We review questions of law and the application of law to fact *de novo. Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ Crediting Smajlaj's testimony, the BIA found that the record substantially supported her claim that she was persecuted by some Socialist Party members in October 2000 on account of her, and her family's, affiliation with the Democratic Party. A showing of past persecution creates a " 'rebuttable presumption of a well-founded fear of future persecution' which can be overcome by a showing, by the preponderance of the evidence, that conditions in the applicant's country of nationality have changed sufficiently to destroy the basis for the presumption." *Cao He Lin,* 428 F.3d at 399 (quoting *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003)); *see* 8 C.F.R. § 208.13(b)(1). If the presumption is defeated, the BIA may deny a request for asylum, "except in circumstances rising to 'atrocious forms of [past] persecution.' " *Islami v. Gonzales,* 412 F.3d 391, 395 n. 3 (2d Cir.2005) (quoting *Matter of Chen,* 20 I. & N. Dec. 16, 19 (B.I.A.1989)).

The IJ found that the "substantial change of circumstances in Albania with the fall of the Communist Party in 1989–90" overcame any presumption of a well-founded fear of future persecution. In support of this conclusion, the IJ cited the fact that the Democratic Party had risen to power by popular referendum, as indicated in the 2004 U.S. Department of State Profile of Asylum Claims and Country Conditions for Albania ("2004 Profile"). The IJ also highlighted statements in the U.S. State Department's Country Report for 2003 ("2003 Country Report"), reflecting the absence of any political killings, or any confirmed reports of politically motivated disappearances or political prisoners,

in Albania. In view of the Democratic Party's status as "a major political party in Albania that is operating openly, visibly and legally in Albania," and given the lack of any established evidence that mere membership in the Democratic Party would provoke persecution, the IJ reasoned that future persecution was unlikely.

The BIA agreed with the IJ's finding that the presumption had been rebutted. As further support, the BIA quoted other statements from the 2003 Country Report and 2004 Profile, to the effect that the Democratic Party, along with the Socialist Party, are the two major political parties in Albania, and that "[t]here are no indications that the Socialist Party, either through its own organization or through government authorities, is engaged in a pattern of repression or violent behavior against its opponents."

We cannot uphold the IJ's conclusion, affirmed by the BIA, that the presumption of a well-founded fear has been rebutted in this case, because the IJ's finding of changed country conditions is based on a factfinding and reasoning process that is fundamentally flawed. *See Tian–Yong Chen,* 359 F.3d at 128. First, instead of analyzing whether any significant political changes had occurred since October 2000, when Smajlaj was persecuted, the IJ erroneously compared present conditions with those that existed prior to the Communist Party's downfall in 1989–90. Second, the IJ gave undeserved weight to the fact that the Democratic Party had been elected by popular referendum, since, as his own decision reflects, the Democratic Party rose to power in 1992 and then lost control in 1997. Third, while the IJ properly considered the most recent Country Report and Profile, he neglected to compare them with the reports for 2000, and never tested the accuracy of any of these reports in light of the evidence supporting Smajlaj's claims.

Because the IJ never made a proper finding that Albania had undergone a "fundamental change in circumstances" since October 2000, and because the BIA's decision does not address this critical omission, we conclude that remand is necessary for further consideration. *See Yang v. McElroy*, 277 F.3d 158, 162–63 (2d Cir.2002) (per curiam) (holding that remand is the proper course for handling a case where the factual record is incomplete).[2]

Upon remand, the BIA may consider the most recent Country Report and Profile, as well as current events such as the Democratic Party's return to power in the July 2005 elections, *see Latifi v. Gonzales*, 430 F.3d 103, 106 n. 1 (2d Cir.2005) (per curiam), in reviewing the IJ's findings for clear error. The BIA cannot, however, make its own factual findings from this evidence; if further factfinding is needed, it must remand the case to the IJ. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals.... If further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge ...."); *cf. Ajdin v. BCIS*, 437 F.3d 261, 265–66 (2d Cir.2006) (per curiam) (finding the BIA's decision to administratively notice that the latest Country Report indicates that "there has been some improvement in conditions in Macedonia for Albanians" to be troubling, but affirming the denial of the motion to reopen because it did not turn on the

BIA's characterization of the Country Report). "[T]he burden of showing the significance, if any, of the change in power is, of course, on the government." *Latifi*, 430 F.3d at 106 n. 1.

Since we are remanding this case, we further note that the BIA erred when it independently determined that Smajlaj had "not demonstrated 'compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution'" under 8 C.F.R. § 1208.13(b)(1)(iii)(A). *See* 8 C.F.R. § 1003.1(d)(3)(i), (iv). We flag this issue, despite Petitioners' failure to raise it, so as to avoid manifest injustice. *See, e.g., United States v. Babwah*, 972 F.2d 30, 34–35 (2d Cir.1992). Accordingly, should the BIA decide that remand is necessary, it should instruct the IJ to decide whether the circumstances of this case rise to the level of "atrocious forms of [past] persecution," as contemplated in *Matter of Chen*, 20 I. & N. Dec. at 19, such that Petitioners should be granted asylum irrespective of the unlikelihood of future persecution.

For the reasons set forth, we GRANT the petition, VACATE the BIA's decision, and REMAND for further proceedings consistent with this decision. Petitioners' pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. On the particular facts of this case, our recent decision in *Hoxhallari v. Gonzales*, 468 F.3d 179 (2d Cir.2006), does not change this calculus. While we will not require a " 'robotic incantation' by an IJ" before affirming a finding of changed country conditions, *id.* at 187, and while in general an IJ's invocation of *Hoxhallari* and brief discussion of changed

country conditions—where they are as well-known as in Albania—will suffice, the IJ must nevertheless at least refer to the proper time period in assessing an asylum applicant's claim. Moreover, the IJ decided this case before we decided *Hoxhallari* and cannot therefore have relied upon it in making his findings.